1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

9

JENNIFER B. NGUYEN,

10                                    Plaintiff,          No.

11        v.                                              COMPLAINT—CLASS ACTION

12    TRAVELERS CASUALTY INSURANCE                        JURY DEMAND
      COMPANY OF AMERICA,
13

14                                    Defendants.

15

## I.        INTRODUCTION

16

17        Plaintiff, Jennifer B. Nguyen, DDS, PLLC, individually and on behalf of all others

18    similarly situated members of the defined national claims (the "Class Members"), by and through

19    the undersigned attorneys, brings this class action against Travelers Casualty Insurance of America

20    ("Defendant" or "Travelers") and alleges as follows based on personal knowledge and information

21    and belief:

22

## II.       JURISDICTION AND VENUE

23

24        1.       This Court has subject matter jurisdiction pursuant to the Class Action Fairness

25    Act of 2005, 28 U.S.C. § 1332(d), because at least one Class member is of diverse citizenship

26    from Defendant, there are 100 or more Class members nationwide, and the aggregate amount in

COMPLAINT—CLASS ACTION - 1

controversy exceeds $5,000,000. The Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367.

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(3) because the Court has personal jurisdiction over Defendant, a substantial portion the alleged wrongdoing occurred in this District and the state of Washington, and Defendant has sufficient contacts with this District and the state of Washington.

3.      Venue is proper in the Western District of Washington pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims at issue in this Complaint arose in this District. Plaintiff's place of business is located in Seattle, WA, King County. This action is therefore appropriately filed in the Seattle Division because a substantial portion of the events giving rise to this lawsuit arose in King County.

### III.      PARTIES

4.      Plaintiff Jennifer B. Nguyen, DDS, PLLC, DBA Seattle Smiles Dental, owns and operates a dentistry practice located at 1325 4th Avenue, Suites 1230 and 1202, Seattle, Washington, 98101.

5.      Defendant Travelers Casualty Insurance Company of America, is an insurance carrier incorporated and domiciled in the State of Connecticut, with its principal place of business in Connecticut.

### IV.      NATURE OF THE CASE

6.      Due to COVID-19 and a state-ordered mandated closure, Plaintiff cannot provide dentistry services.  Plaintiff intended to rely on her business insurance to keep her business alive. This lawsuit is filed to ensure that Plaintiff and other similarly-situated policyholders receive the insurance benefits to which they are entitled and for which they paid.

COMPLAINT—CLASS ACTION - 2

7.    Defendant Travelers Casualty Insurance Company of America (Travelers) issued one or more insurance policies to Plaintiff, including Businessowners Property Coverage and related endorsements, insuring Plaintiff's property and business practice and other coverages, with effective dates of November 1, 2019 to November 1, 2020.

8.    Plaintiff's business property includes property owned and leased by Plaintiff and used for general business purposes for the specific purpose of dentistry and other business activities.

9.    Travelers' Businessowners Property Coverage promises to pay Plaintiff for risks of "DIRECT PHYSICAL LOSS" to covered property and includes coverage for risks of both "loss of or damage to" covered property.

10.   Travelers' Businessowners Property Coverage provides Plaintiff with Business Income Coverage, Extra Expense Coverage, Extended Business Income Coverage and Civil Authority Coverage.

11.   Plaintiff paid all premiums for the coverage when due.

12.   On or about January 2020, the United States of America saw its first cases of persons infected by COVID-19, which has been designated a worldwide pandemic.

13.   In light of this pandemic, Washington Governor Jay Inslee issued certain proclamations and orders affecting many persons and businesses in Washington, whether infected with COVID-19 or not, requiring certain public health precautions. Among other things, Governor Inslee's "Stay Home, Stay Healthy" order required the closure of all non-essential businesses, including Plaintiff's dental practice.

14.   Plaintiff's property sustained direct physical loss or damage to as a result of the proclamations and orders.

COMPLAINT—CLASS ACTION - 3

15.     Plaintiff's property will continue to sustain direct physical loss or damage covered by the Traveler's policy or policies, including but not limited to business interruption, extra expense, interruption by civil authority, and other expenses.

16.     Plaintiff's property cannot be used for its intended purposes.

17.     As a result of the above, Plaintiff has experienced and will experience loss covered by the Travelers policy or policies.

18.     Plaintiff contacted Defendant Travelers about her losses but was verbally told by telephone that her losses would not be covered under her Travelers Businessowners' Policy.

## V.     CLASS ACTION ALLEGATIONS

19.     This matter is brought by Plaintiff Nguyen on behalf of herself and those similarly situated, under Federal Rules of Civil Procedure 23(b)(1), 23(b)(2), and 23(b)(3).

20.     The Classes that Plaintiff Nguyen seek to represent are defined at this time as:

A.     ***Business Income Coverage Breach of Contract Class:*** All persons and entities in the United States insured under a Travelers policy with Business Income Coverage who suffered a suspension of their business at the covered premises due to COVID-19 and whose Business Income claim was denied by Travelers.

B.     ***Business Income Coverage Declaratory Relief Class:*** All persons and entities in the United States insured under a Travelers policy with Business Income Coverage who suffered a suspension of their business at the covered premises due to COVID-19.

C.     ***Extra Expense Breach of Contract Class:*** All persons and entities in the United States insured under a Travelers policy with Extra Expense coverage who sought to minimize the suspension of business at the covered premises in connection with

COMPLAINT—CLASS ACTION - 4

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

COVID-19 and whose Extra Expense coverage claim was denied by Travelers despite their efforts to minimize the suspension of their business.

D.     ***Extra Expense Declaratory Relief Class:*** All persons and entities in the United States insured under a Travelers policy with Extra Expense coverage who sought to minimize losses from the suspension of their business at the covered premises due to COVID-19.

E.     ***Extended Business Income Breach of Contract Class***: All persons and entities in the United States insured under a Travelers policy with Extended Business Income coverage who suffered a suspension of their business at the covered premises due to COVID-19.

F.     ***Extended Business Income Declaratory Relief Class:*** All persons and entities in the United States insured under a Travelers policy with Extended Business Income coverage who suffered a suspension of their business at the covered premises due to COVID-19.

G.     ***Civil Authority Breach of Contract Class:*** All persons and entities in the United States insured under a Travelers policy with Civil Authority coverage who suffered a loss of business income and/or extra expense due to the impact of COVID-19 and whose Civil Authority claim was denied by Travelers.

H.     ***Civil Authority Declaratory Relief Class:*** All persons and entities in the United States insured under a Travelers policy with Civil Authority coverage who suffered a loss of business income and/or extra expense due to the impact of COVID-19.

21.     Excluded from the Class are Defendant's officers, directors, and employees; the judicial officers and associated court staff assigned to this case; and the immediate family

COMPLAINT—CLASS ACTION - 5

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

members of such officers and staff. Plaintiff Nguyen reserves the right to amend the Class definition based on information obtained in discovery.

22.     This action may properly be maintained on behalf of each proposed Class under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

23.     **Numerosity**: The members of the Class are so numerous that joinder of all members would be impractical.  Plaintiff is informed and believes that the proposed Class contains thousands of members. The precise number of class members can be ascertained through discovery, which will include Defendant's records of policyholders.

24.     **Commonality and Predominance**: Common questions of law and fact predominate over any questions affecting only individual members of the Class. Common questions include, but are not limited to, the following:

A.     Whether the class members suffered covered losses based on common policies issued to members of the Class;

B.     Whether Travelers acted in a manner common to the class and wrongfully denied claims for coverage arising from COVID-19 and/or closure orders issued by Governor Inslee and others civil authorities;

C.     Whether Business Income coverage in Travelers' policies of insurance applies to a suspension of business related to COVID-19 and/or closure orders issued by Governor Inslee and others civil authorities;

D.     Whether Travelers' Extra Expense coverage applies to efforts to minimize a loss related to COVID-19 and/or closure orders issued by Governor Inslee and others civil authorities;

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

E.      Whether Travelers' Extended Business Income coverage applies to a suspension of business related to COVID-19 and/or closure orders issued by Governor Inslee and others civil authorities;

F.      Whether Travelers' Civil Authority Coverage applies to a suspension of business due to the impact of COVID-19 and/or closure orders issued by Governor Inslee and others civil authorities;

G.      Whether Travelers has breached its contracts of insurance through a blanket denial of all claims based on business interruption, business income loss or closures related to COVID-19 and/or closure orders issued by Governor Inslee and others civil authorities;

H.      Whether, because of Defendant's conduct, Plaintiff Nguyen and the class members have suffered damages; and if so, the appropriate amount thereof; and

I.      Whether, because of Defendant's conduct, Plaintiff Nguyen and the class members are entitled to equitable and declaratory relief, and if so, the nature of such relief.

25.    **Typicality**: Plaintiff Nguyen's claims are typical of the claims of the members of the classes. Plaintiff Nguyen and all the members of the classes have been injured by the same wrongful practices of Defendant. Plaintiff Nguyen's claims arise from the same practices and course of conduct that give rise to the claims of the members of the Class and are based on the same legal theories.

26.    **Adequacy**: Plaintiff Nguyen will fully and adequately assert and protect the interests of the classes and has retained class counsel who are experienced and qualified in

COMPLAINT—CLASS ACTION - 7

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

prosecuting class actions. Neither Plaintiff Nguyen nor her attorneys have any interests contrary to or in conflict with the Class.

27.     **Federal Rule of Civil Procedure 23(b)(1), the Risk of Inconsistent or Varying Adjudications and Impairment to Other Class Members' Interests**: Plaintiff seeks adjudication as to the interpretation, and resultant scope, of Defendant's policies, which are common to all members of the class. The prosecution of separate actions by individual members of the classes would risk of inconsistent or varying interpretations of those policy terms and create inconsistent standards of conduct for Defendant. The policy interpretations sought by Plaintiff could also impair the ability of absent class members to protect their interests.

28.     **Federal Rule of Civil Procedure 23(b)(2), Declaratory and Injunctive Relief**: Defendant acted or refused to act on grounds generally applicable to Plaintiff and other members of the proposed classes making injunctive relief and declaratory relief appropriate on a classwide basis.

29.     **Federal Rule of Civil Procedure 23(b)(3), Superiority**: A class action is superior to all other available methods of the fair and efficient adjudication of this lawsuit. While the aggregate damages sustained by the classes are likely to be in the millions of dollars, the individual damages incurred by each class member may be too small to warrant the expense of individual suits. Individual litigation creates a risk of inconsistent and/or contradictory decisions and the court system would be unduly burdened by individual litigation of such cases. A class action would result in a unified adjudication, with the benefits of economies of scale and supervision by a single court.

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

# VI.    CAUSES OF ACTION

## Count One—Declaratory Judgment

***(Brought on behalf of the Business Income Coverage Declaratory Relief Class, Extended Business Income Declaratory Relief Class, Civil Authority Declaratory Relief Class, and Extra Expense Declaratory Relief Class)***

30.    Previous paragraphs alleged are incorporated herein.

31.    This is a cause of action for declaratory judgment pursuant to the Declaratory Judgment Act, codified at 28 U.S.C. § 2201.

32.    Plaintiff Nguyen brings this cause of action on behalf of the Business Income Coverage Declaratory Relief Class, Extended Business Income Declaratory Relief Class, Civil Authority Declaratory Relief Class, and Extra Expense Declaratory Relief Class.

33.    Plaintiff Nguyen seeks a declaratory judgment declaring that Plaintiff Nguyen's and class members losses and expenses resulting from the interruption of their business are covered by the Policy.

34.    Plaintiff Nguyen seeks a declaratory judgment declaring that Travelers is responsible for timely and fully paying all such losses.

## Count Two—Breach of Contract

***(Brought on behalf of the Business Income Coverage Breach of Contract Class, Extended Business Income Breach of Contract Class, Civil Authority Breach of Contract Class, and Extra Expense Breach of Contract Class)***

35.    Previous paragraphs alleged are incorporated herein.

36.    Plaintiff Nguyen brings this cause of action on behalf of the Business Income Coverage Breach of Contract Class, Extended Business Income Breach of Contract Class, Civil Authority Breach of Contract Class, and Extra Expense Breach of Contract Class.

COMPLAINT—CLASS ACTION - 9

37.     The Policy is a contract under which Plaintiff Nguyen and the class paid premiums to Travelers in exchange for Travelers's promise to pay Plaintiff Nguyen and the class for all claims covered by the Policy.

38.     Plaintiff Nguyen has paid its insurance premiums.

39.     Plaintiff Nguyen will soon file a written claim for her loss covered by the Policy. Upon information and belief, Travelers has denied coverage for other similarly situated policyholders and will again deny Plaintiff Nguyen's claim.

40.     Denying coverage for the claim is a breach of the insurance contract.

41.     Plaintiff Nguyen is harmed by the breach of the insurance contract by Travelers.

## VII.     PRAYER FOR RELIEF

1.     A declaratory judgment that the policy or policies cover the plaintiff's losses and expenses resulting from the interruption of the plaintiff's business by COVID-19.

2.     A declaratory judgment that the defendant is responsible for timely and fully paying all such losses.

3.     Damages.

4.     Pre-judgment interest.

5.     Reasonable attorney fees and costs.

6.     Such further and other relief as the Court shall deem appropriate.

## VIII.   DEMAND FOR JURY

Plaintiff Nguyen demands a jury trial on all claims so triable.

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

DATED this 21st day of April, 2020.

KELLER ROHRBACK L.L.P.

By: *s/ Ian S. Birk*
By: *s/ Lynn L. Sarko*
By: *s/ Gretchen Freeman Cappio*
By: *s/ Irene M. Hecht*
By: *s/ Amy Williams Derry*
By: *s/ Maureen Falecki*

Ian S. Birk, WSBA #31431
Lynn L. Sarko, WSBA #16569
Gretchen Freeman Cappio, WSBA #29576
Irene M. Hecht, WSBA #11063
Amy Williams Derry, WSBA #28711
Maureen Falecki, WSBA #18569
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Telephone: (206) 623-1900
Fax: (206) 623-3384
Email: ibirk@kellerrohrback.com
Email: lsarko@kellerrohrback.com
Email: gcappio@kellerrohrback.com
Email: ihecht@kellerrohrback.com
Email: awilliams-derry@kellerrohrback.com
Email: mfalecki@kellerrohrback.com

By: *s/ Alison Chase*
Alison Chase, CA Bar #226976
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Email: achase@kellerrohrback.com
Telephone: (805) 456-1496
Fax: (805) 456-1497

***Attorneys for Plaintiff***

4852-1607-6474, v. 1

COMPLAINT—CLASS ACTION - 11

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384