Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

JENNIFER B. NGUYEN, et al.,

                                    Plaintiffs,

        v.

TRAVELERS CASUALTY INSURANCE
COMPANY OF AMERICA, et al.,

                                    Defendants.

No. 2:20-cv-00597-BJR

CONSOLIDATED AMENDED CLASS
ACTION COMPLAINT

JURY TRIAL DEMAND

## I.      INTRODUCTION

Plaintiffs, Jennifer B. Nguyen, DDS, PLLC, dba Seattle Smiles Dental; Suneet S. Bath,

DMD PS, dba Impressions Dentistry Family Cosmetics; Ryan M. Fox, DDS; Kuzi Hsue, DDS,

PS; Jeffrey E. Kashner, DDS, MSD; and Stan's Bar-B-Q LLC, individually and on behalf of all

other similarly situated members of the defined national class, and the defined Washington State

subclasses (the "Class Members"), by and through the undersigned attorneys, bring this

consolidated class action complaint against Travelers Casualty Insurance Company of America,

Travelers Indemnity Company of America, and The Charter Oak Fire Insurance Company,

(collectively, "Defendants") and allege as follows based on personal knowledge and information

and belief:

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT- 1
(2:20-cv-00597-BJR)

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## II.   JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because at least one member of the proposed Class and subclass is a citizen of a state different from that of Defendant, the proposed Class and subclass each consist of more than 100 class members, and the aggregate amount in controversy exceeds $5,000,000. The Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367.

2.      This Court has personal jurisdiction over Defendants because Defendants are registered to do business in Washington, have sufficient minimum contacts in Washington, and otherwise intentionally avails themselves of the markets within Washington through their business activities, such that the exercise of jurisdiction by this Court is proper. Moreover, the claims of Plaintiffs and all of the Washington subclass members in this case arise out of and directly related to Defendants' contacts with Washington.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(3) because the Court has personal jurisdiction over Defendants, a substantial portion of the alleged wrongdoing occurred in this District and the state of Washington, and Defendants have sufficient contacts with this District and the state of Washington.

4.      Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims at issue in this Complaint arose in this District. Plaintiffs' places of business are in King and Thurston counties. This action is therefore appropriately filed in this District.

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT- 2
(2:20-cv-00597-BJR)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

### III.   PARTIES

**A.    Plaintiffs**

5.      Plaintiff Jennifer B. Nguyen, DDS, PLLC, dba Seattle Smiles Dental ("Nguyen") owns and operates a dentistry practice located at 1325 4th Avenue, Suites 1230 and 1202, Seattle, Washington, 98101.

6.      Plaintiff Suneet S. Bath, DMD PS, dba Impressions Dentistry Family Cosmetics ("Bath") owns and operates a dental business with its principal place of business located at 4538 Martin Way E., Olympia, WA 98516.

7.      Plaintiff Ryan M. Fox, DDS ("Fox") owns and operates a dentistry practice located at 12527 NE 144th St, Kirkland, WA 98034.

8.      Plaintiff Kuzi Hsue, DDS, PS ("Hsue") owns and operates a dentistry practice located at 15668 W. Valley Highway, Tukwila, Washington.

9.      Plaintiff Jeffrey E. Kashner, DDS, MSD ("Kashner") owns and operates a dentistry practice located at 27015 169th Pl. SE, Ste. 201, Covington, Washington, 98042.

10.     Plaintiffs Nguyen, Bath, Fox, Hsue, and Kashner have insured business property that includes their building, dental chairs, x-ray machines, dentistry tools, and other related dentistry equipment and materials.

11.     Plaintiff Stan's Bar-B-Q LLC ("Stan's BBQ") owns and operates a small dine-in barbecue restaurant, full bar, and catering business located at 58 Front Street North, Issaquah, WA 98027.

12.     Stan's BBQ's insured business property includes typical restaurant amenities, including tables, chairs, a bar counter and bar stools, durable tableware (including glassware,

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

table ware, serving ware, and utensils), and other items and equipment designed to facilitate bar service and indoor, in-person dining.

13.     Collectively, Nguyen, Bath, Fox, Hsue, Kashner, and Stan's BBQ are referred to in this Complaint as "Plaintiffs."

### B.     Defendants

14.     Defendant Travelers Casualty Insurance Company of America ("Travelers Casualty") is an insurance carrier incorporated and domiciled in the State of Connecticut with its principle place of business in Connecticut.

15.     Travelers Casualty is authorized to write, sell, and issue business insurance policies in all 50 states and the District of Columbia. Travelers Casualty conducted business within these regions by selling and issuing insurance policies to policyholders, including Nguyen, Bath, Fox, and Hsue.

16.     Travelers Indemnity Company of America ("Travelers Indemnity") is an insurance carrier incorporated and domiciled in the State of Connecticut with its principle place of business in Connecticut.

17.     Travelers Indemnity is authorized to write, sell, and issue business insurance policies in all states (except California) and in the District of Columbia. Travelers conducted business within these regions by selling and issuing insurance policies to policyholders, including Kashner.

18.     The Charter Oak Fire Insurance Company ("Charter Oak") is an insurance carrier incorporated and domiciled in the State of Connecticut with its principal place of business in Connecticut.

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT- 4
(2:20-cv-00597-BJR)

19.     Charter Oak is authorized to write, sell, and issue business insurance policies in all states (except California), the District of Columbia, and Puerto Rico. Charter Oak conducted business within these regions by selling and issuing insurance policies to policyholders, including Stan's BBQ.

20.     All Defendants share a common ultimate parent in The Travelers Companies, Inc.

21.     Defendants are vicariously liable for the acts and omissions of their employees and agents.

## IV.     NATURE OF THE CASE

22.     This lawsuit is filed to ensure that Plaintiffs and other similarly-situated policyholders receive the insurance benefits to which they are entitled and for which they paid.

23.     Each Defendant issued one or more "all risk" insurance policies to Plaintiffs, including a "Businessowners Property Coverage Special Form" and related endorsements, insuring Plaintiffs' properties and businesses, and providing related coverages.

24.     Plaintiffs' business properties include property owned and/or leased by them and used for their specified business purposes.

25.     Defendants' insurance policies issued to Plaintiffs made a promise to pay Plaintiffs for "ALL RISKS OF DIRECT PHYSICAL LOSS" to covered property and includes coverage for risks of both "loss of or damage to" covered property.

26.     Defendants' Businessowners Property Coverage Special Forms issued to Plaintiffs include Business Income Coverage, Extra Expense Coverage, Extended Business Income Coverage and Civil Authority Coverage, and coverage for expenses necessary to protect covered property from future damage in the event of a loss.

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT- 5
(2:20-cv-00597-BJR)

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

27.    The policies that Defendants issued to Plaintiffs are materially identical on all relevant matters.

28.    Each Plaintiff was issued Travelers Indemnity Inc.'s copyrighted Businessowners Property Coverage Special Form, identified by the form number "MP T1 02 02 05."

29.    On information and belief, Defendants issued materially identical policies, including those using form number "MP T1 02 02 05," to thousands of businesses throughout Washington and the other states and regions, specified above, where they conduct business.

30.    Plaintiffs paid all premiums for the coverages when due.

31.    On or about January 2020, the United States of America saw its first cases of persons infected by COVID-19, which has been designated a worldwide pandemic.

32.    COVID-19 is a highly contagious virus that rapidly and easily spreads; it continues to spread across the United States including in Washington State.

33.    In many infected persons, COVID-19 causes severe illness and requires hospitalization, including intubation.  The virus has killed over 210,000 people in the United States to date. Persons who survive the virus have experienced ongoing cognitive and physical impacts from the virus, even after the virus is no longer actively detected in their bodies.

34.    The COVID-19 virus is a physical substance that spreads from person to person through respiratory droplets that reach another person and that are produced when an infected person breaths, talks, coughs or sneezes. It also spreads when virus respiratory droplets are exhaled and aerosolized, and deposited on a surface or object (e.g., furniture, dentistry instruments, tables, door knobs, chairs, touch screens) and those objects are then touched by

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  another person who then touches their own mouth, nose or eyes. COVID-19 is caused by a
2  novel (new) coronavirus that has not previously been seen in humans.[1]

3        35.      COVID-19 remains stable and transmittable in aerosols for up to three hours and
4  up to two or three days on surfaces. Persons infected with COVID-19 can be asymptomatic yet
5  still spread the virus. Guidance issued by the United States Centers for Disease Control &
6  Prevention (CDC) recommends avoiding indoor activities, adhering to strict sanitation
7  protocols, and maintaining social distance of at least six feet from others in order to minimize
8  the spread of COVID-19.[2]

9        36.      The CDC also recognizes that "dental settings have unique characteristics that
10  warrant specific infection control considerations," and that the most critical dental services must
11  be prioritized in a way that minimizes harm to patients from delaying care while minimizing
12  harm to personnel and patients from potential exposure to COVID-19 infection.[3]

13        37.      In March 2020, the American Dental Association ("ADA") recommended that
14  dental providers close their offices for all but emergency care.[4] Upon expiration of that
15  guideline in April 2020, the ADA recommended that dental providers keep their offices closed
16  to all but urgent and emergency procedures.[5]

---

[1] *See, e.g.*, *Coronavirus Disease 2019 (COVID-19): Frequently Asked Questions* (updated Oct. 9, 2020), https://www.cdc.gov/coronavirus/2019-ncov/faq.html.

[2] *Coronavirus Disease 2019 (COVID-19): Personal and Social Activities*, Centers for Disease Control & Prevention (updated Sept. 11, 2020), https://www.cdc.gov/coronavirus/2019-ncov/daily-life-coping/personal-social-activities.html.

[3] *Coronavirus Disease 2019 (COVID-19): Guidance for Dental Settings*, Centers for Disease Control & Prevention (updated August 28, 2020), https://www.cdc.gov/coronavirus/2019-ncov/hcp/dental-settings.html

[4] American Dental Association press room releases: https://www.ada.org/en/press-room/news-releases/2020-archives/march/ada-calls-upon-dentists-to-postpone-elective-procedures (last visited September 24, 2020).

[5] American Dental Association press room releases: https://www.ada.org/en/press-room/news-releases/2020-archives/april/summary-of-ada-guidance-during-the-covid-19-crisis (last visited September 24, 2020).

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

38.     Public health data throughout the United States, and on a state-by-state basis, shows that COVID-19 has been detected in every state.

39.     The first confirmed case of COVID-19 in King County was noted on January 21, 2020.[6]

40.     The first confirmed case of COVID-19 in Thurston County was noted on March 11, 2020.[7]

41.     Public health data throughout the United States shows the number of COVID-19 tests administered, the rate of positive testing, the numbers of persons diagnosed with COVID-19, the number of persons hospitalized due to COVID-19, the number of deaths from COVID-19, and other related statistics, by state, county, and sometimes by city.[8]

42.     As of October 14, 2020, at least 99,465 persons in Washington State have tested positive for COVID-19; 7,883 have been hospitalized, and 2,311 have died due to the COVID-19 virus.[9]

43.     As of October 13, 2020, 24,466 persons in King County have tested positive for COVID-19; 2,503 have been hospitalized, and 790 have died due to the COVID-19 virus.[10]

---

[6] *See* https://www.kiro7.com/news/local/coronavirus-washington-state-timeline-outbreak/IM65JK66N5BYTIAPZ3FUZSKMUE/.

[7] *See* https://www.theolympian.com/latest-news/article241100416.html.

[8] *See, e.g.*, *The New York Times*, Covid in the U.S.: Latest Map and Case Count (reflecting COVID-19 statistics, on a state-by-state, county-by-county, and aggregated basis since March 2020), https://www.nytimes.com/interactive/2020/us/coronavirus-us-cases.html?action=click&module=Top%20Stories&pgtype=Homepage (last visited Oct. 14, 2020).

[9] *Id.*

[10] *Washington State Department of Health, COVID-19 Data Dashboard*, https://www.doh.wa.gov/Emergencies/COVID19/DataDashboard (last visited Oct. 14, 2020)

44.     As of October 13, 2020, 1,325 persons in Thurston County have tested positive for COVID-19; 117 persons have been hospitalized and at least 21 have died due to the COVID-19 virus.[11]

45.     The presence of any COVID-19 aerosolized or suspended droplets or particles in the air or otherwise circulating in an indoor environment renders that physical space, or physical property, unsafe and unusable.

46.     The presence of any COVID-19 aerosolized or suspended droplets or particles in the air or otherwise circulating in an indoor environment causes direct physical damage to property and direct physical loss of property.

47.     The presence of any COVID-19 droplets or particles on physical surfaces renders items of physical property unsafe and unusable.

48.     The presence of any COVID-19 droplets or particles on physical surfaces causes direct physical damage to property and direct physical loss of property.

49.     The presence of people infected with or carrying COVID-19 particles at premises renders the premises, including property located at that premises, unsafe and unusable, resulting in direct physical damage and direct physical loss to the premises and property.

50.     Loss of functionality of property that has not been physically altered constitutes direct physical loss of property and/or direct physical damage to property.

51.     On February 29, 2020, Washington Governor Jay Inslee issued Proclamation 20-05, declaring a State of Emergency for all counties in the State of Washington as a result of the COVID-19 outbreak. Thereafter, he issued a series of proclamations and orders affecting many

---

[11] *Id.*

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT- 9
(2:20-cv-00597-BJR)

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

persons and businesses in Washington, whether infected with COVID-19 or not, requiring

certain public health precautions.

52.     On March 16, 2020, Governor Inslee issued Proclamation 20-13, "Statewide

Limits: Food and Beverage Services, Areas of Congregation" which amended Proclamation 20-

05. The proclamation prohibits "any number of people from gathering in any public venue in

which people congregate for purposes of . . . food and beverage service[.]" The Proclamation

further prohibited "the onsite consumption of food and/or beverages" in all restaurants, bars,

taverns, and with respect to catered events.

53.     Proclamation 20-13 further states that the pandemic "remains a public disaster

affecting life, health, property or the public peace[.]"

54.     On March 19, 2020, Governor Inslee issued a "PROCLAMATION BY THE

GOVERNOR AMENDING PROCLAMATION 20-05: 20-24 Restrictions on Non Urgent

Medical Procedures," which prohibited dental practitioners from providing dental services but

for urgent and emergency procedures:

> WHEREAS, the health care person protective equipment supply chain in
> Washington State has been severely disrupted by the significant increased use of
> such equipment worldwide, such that there are now critical shortages of this
> equipment for health care workers. To curtail the spread of the COVID-19
> pandemic in Washington State and to protect our health care workers as they
> provide health care services, it is necessary to immediately prohibit all hospitals,
> ambulatory surgery centers, and dental orthodontic, and endodontic offices in
> Washington State from providing health care services, procedures and surgeries
> that require personal protective equipment, which if delayed, are not anticipated
> to cause harm to the patient within the next three months.

55.     Proclamation 20-24 provides that one of the reasons it was issued was that "the

worldwide COVID-19 pandemic and its progression throughout Washington State continues to

threaten the life and health of our people as well as the economy of Washington State, and

remains a public disaster affecting life, health, property or the public peace."

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT- 10
(2:20-cv-00597-BJR)

56.     On information and belief, Proclamation 20-24 refers to the health of Washingtonians and property damage throughout Washington State, including Thurston and King Counties where Plaintiffs' businesses are located.

57.     On March 23, 2020, Governor Inslee issued Proclamation 20-25, "Stay Home— State Healthy." The proclamation, which amends Proclamation 20-13, requires that "[a]ll people in Washington State [ ]immediately cease leaving their home or place of residence except: (1) to conduct or participate in essential activities, and/or (2) for employment in essential business activities." The proclamation prohibits "all non-essential businesses in Washington State from conducting business, within the limitations provided herein."

58.     Proclamation 20-25 allows for restaurants and food services to operate only to "provid[e] delivery or take-away services" and "so long as proper social distancing and sanitation measures are established and implemented."

59.     On March 23, 2020, Mr. John Weisman, Secretary of Washington State's Department of Health, issued a list of directives and orders regarding healthcare matters and mandated that all healthcare practitioners, including dental practitioners, cease all elective and non-urgent medical procedures and appointments as of the close of business on March 24, 2000, and throughout the duration of the catastrophic health emergency.

60.     On March 25, 2020, the Washington State Dental Association recommended that all dental practices follow the mandates and orders of the Washington Department of Health and postpone all non-emergency or non-urgent dental procedures throughout the duration of the catastrophic health emergency.

61.     On March 30, 2020, Governor Inslee issued Order Number 20-03-30-01 affecting persons and residents within the State of Washington, which includes a "Stay-at-Home

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT- 11
(2:20-cv-00597-BJR)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Order" requiring all persons living in Washington to stay in their homes or places of residences except under certain specified circumstances.

62.     Governor's Inslee's proclamations and orders related to COVID-19 have been extended and modified from time to time.[12]

63.     Plaintiffs have complied with the proclamations and orders which have required them to close, suspend, and/or curtail their businesses.

64.     Plaintiffs complied with the proclamations and orders by preventing the public, including their customers, clients, and patients, from entering their places of business to participate in business activities which were routine and allowed prior to the issuance of the Proclamations and Orders.

65.     As a result of the proclamations and orders, Stan's BBQ was unable to have customers enter its dining room, use its bar, or consume any food or drink on its premises.

66.     As a result of the proclamations and orders, Stan's BBQ was forced to suspend its catering business.

67.     As a result of the proclamations and orders, Stan's BBQ was unable to use its restaurant for its full insured purpose of sit-down dining and full-service bar.

68.     Under the current proclamations and orders, Stan's BBQ is able to have a limited number of customers enter its dining room and eat meals on its premises. However, Stan's BBQ is operating at a dramatically reduced capacity. Much of its insured property, including its bar seating, tables, chairs and tableware are still physically unused and unusable due to state requirements to socially distance customers and to operate at a reduced level.

---

[12] *See e.g.,* https://www.governor.wa.gov/sites/default/files/COVID19%20Phase%202%20and%203%20Restaurant%20and%20Tavern%20Guidance.pdf?utm_medium=email&utm_source=govdelivery (last visited Oct. 16, 2020).

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1

2    69.     As a result of the proclamations and orders, Plaintiffs Nguyen, Bath, Kashner,

3    Hsue and Fox were unable to engage in their full dental practices and unable to use their dental

4    properties for their full insured purposes.

5    70.     Plaintiffs invested in their business properties, insured their business properties,

6    insured the income they derive from their business properties, but were deprived of their

7    properties' functionality due to their government's response to the COVID-19 pandemic.

8    71.     Loss caused by Governor Inslee's orders and proclamations and/or related to

9    COVID-19 rendered Plaintiffs' property unusable for its intended and insured purpose.

10

11    72.     Governors and civil authorities in other states have issued similar orders and

12    proclamations, for similar reasons.

13    73.     Plaintiffs' property sustained direct physical loss and/or direct physical property

14    damage related to the proclamations and orders, and/or COVID-19.

15    74.     Plaintiffs' property will continue to sustain direct physical loss or damage

16    covered by Defendants' policy or policies, including but not limited to business interruption,

17

18    extra expense, interruption by civil authority, and other expenses.

19    75.     Plaintiffs have been unable to use their insured physical properties for their full

20    intended business purposes.

21    76.     Plaintiffs suffered direct physical loss of use of the covered properties for their

22    intended purposes.

23    77.     As a result of the above, Plaintiffs have experienced and will experience loss

24    covered by Defendants' policy or policies.

25

26

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT- 13
(2:20-cv-00597-BJR)

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

78.     Plaintiffs' suspension of their businesses in response to the Governor's proclamations and orders caused Plaintiffs to suffer a business loss.

79.     Plaintiffs have incurred additional and extra expenses, including costs for sanitizer, cleaning equipment and protocols, new equipment, and PPE, in order to continue to operate their businesses in accordance with the proclamations and orders.

80.     Plaintiffs complied with all requirements in Defendants' policy or policies.

81.     Upon information and belief, Defendants have denied all claims submitted to them for business income coverage that relate to governmental proclamations or orders and/or COVID-19, and have done so without meaningful investigation.

82.     Upon information and belief, Defendants have undertaken no meaningful investigation regarding whether there is any presence of COVID-19 at Plaintiffs' insured premises.

83.     Upon information and belief, Defendants have undertaken no meaningful investigation regarding the timing, scope, or impact of governmental proclamations or closure orders that affect its insureds' businesses or business properties.

84.     Upon information and belief, Defendants have undertaken no meaningful investigation regarding the community spread of COVID-19 in the vicinity of their insureds' businesses.

85.     Upon information and belief, Defendants have denied and will deny coverage to Plaintiffs and all other similarly situated policyholders based on Defendants' uniform policy to deny business interruption claims related to COVID-19.

86.     On information and belief, Defendants, either directly or through their agents and representatives, communicated with the Washington Office of the Insurance Commissioner and

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT- 14
(2:20-cv-00597-BJR)

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

other relevant state insurance offices regarding their "virus exclusion" and represented that Defendants would not use the addition of this language to insurance policies to limit or curtail coverage, or to change the scope of coverage, for losses such as those suffered by Plaintiffs.

87.     Based on these and similar prior representations, regulatory estoppel applies here and prevents Defendants from relying on any "virus exclusion" to bar or negate coverage.

## V.     CLASS ACTION ALLEGATIONS

88.     This matter is brought by Plaintiffs on behalf of themselves and those similarly situated, under Federal Rule of Civil Procedure 23(a), 23(b)(1), 23(b)(2), and 23(b)(3).

89.     Prosecuting separate actions by individual class members, in lieu of proceeding as a class action, would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants.

90.     As alleged above, Defendants have acted or refused to act on grounds that apply generally to the proposed class and subclasses, such that final injunctive relief or declaratory relief is appropriate.

91.     The questions of law or fact common to class and subclass members predominate over any questions affecting only individual members, and a class action is superior to other methods for fairly and efficiently adjudicating this controversy.

92.     The Classes and Subclasses that Plaintiffs seeks to represent are defined as:

A.     ***Business Income Breach of Contract Class:*** All persons and entities in the United States issued one of Defendants' policies with Business Income Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or proclamations or orders issued by Governor Inslee, other Governors, and/or

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT- 15
(2:20-cv-00597-BJR)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

other civil authorities, and whose Business Income claim has been denied by Defendants.

B. ***Business Income Breach of Contract Washington Subclass:*** All persons and entities in the State of Washington issued one of Defendants' policies with Business Income Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or proclamations or orders issued by Governor Inslee, and/or other civil authorities and whose Business Income claim has been denied by Defendants.

C. ***Business Income Declaratory Relief Class:*** All persons and entities in the United States issued one of Defendants' policies with Business Income Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or proclamations or orders issued by Governor Inslee, other Governors, and/or civil authorities.

D. ***Business Income Declaratory Relief Washington Subclass:*** All persons and entities in the State of Washington issued one of Defendants' policies with Business Income Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or proclamations or orders issued by Governor Inslee, and/or other civil authorities.

E. ***Extra Expense Breach of Contract Class:*** All persons and entities in the United States issued one of Defendants' policies with Extra Expense coverage who incurred expenses while seeking to minimize the suspension of business at the covered premises in connection with COVID-19 and/or proclamations or orders issued by Governor Inslee, other Governors, and/or other civil authorities whose Extra Expense claim has been denied by Defendants.

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT- 16
(2:20-cv-00597-BJR)

F.    ***Extra Expense Breach of Contract Washington Subclass:*** All persons and entities in the State of Washington issued one of Defendants' policies with Extra Expense Coverage who incurred expenses while seeking to minimize the suspension of business at the covered premises in connection with COVID-19 and/or proclamations or orders issued by Governor Inslee, and/or other civil authorities and whose Extra Expense claim has been denied by Defendants.

G.    ***Extra Expense Declaratory Relief Class:*** All persons and entities in the United States issued one of Defendants' policies with Extra Expense Coverage who incurred expenses while seeking to minimize the suspension of business at the covered premises in connection with COVID-19 and/or proclamations or orders issued by Governor Inslee, other Governors, and/or other civil authorities.

H.    ***Extra Expense Declaratory Relief Washington Subclass:*** All persons and entities in the State of Washington issued one of Defendants' policies with Extra Expense Coverage who incurred expenses while seeking to minimize the suspension of business at the covered premises in connection with COVID-19 and/or proclamations or orders issued by Governor Inslee, and/or other civil authorities.

I.    ***Extended Business Income Breach of Contract Class***:  All persons and entities in the United States issued one of Defendants' policies with Extended Business Income Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or proclamations or orders issued by Governor Inslee, other Governors, and/or other civil authorities and whose Extended Business Income claim has been denied by Defendants.

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

J.      ***Extended Business Income Breach of Contract Washington Subclass***: All persons and entities in the State of Washington issued one of Defendants' policies with Extended Business Income Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or proclamations or orders issued by Governor Inslee, and/or other civil authorities and whose Extended Business Income claim has been denied by Defendants.

K.      ***Extended Business Income Declaratory Relief Class:*** All persons and entities in the United States issued one of Defendants' policies with Extended Business Income Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or proclamations or orders issued by Governor Inslee, other Governors, and/or other civil authorities.

L.      ***Extended Business Income Declaratory Relief Washington Subclass:*** All persons and entities in the State of Washington issued one of Defendants' with Extended Business Income Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or proclamations or orders issued by Governor Inslee, and/or other civil authorities.

M.      ***Civil Authority Breach of Contract Class:*** All persons and entities in the United States issued one of Defendants' policies with Civil Authority Coverage who suffered a suspension of their business at the covered premises related to the impact of COVID-19 and/or proclamations or orders issued by Governor Inslee, other Governors, and/or other civil authorities and whose Civil Authority claim has been denied by Defendants.

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT- 18
(2:20-cv-00597-BJR)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

N.     ***Civil Authority Breach of Contract Washington Subclass:*** All persons and entities in the State of Washington issued one of Defendants' policies with Civil Authority Coverage who suffered a suspension of their business at the covered premises related to the impact of COVID-19 and/or proclamations or orders issued by Governor Inslee, and/or other civil authorities and whose Civil Authority claim has been denied by Defendants.

O.     ***Civil Authority Declaratory Relief Class:*** All persons and entities in the United States issued one of Defendants' policies with Civil Authority Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or proclamations or orders issued by Governor Inslee, other Governors, and/or other civil authorities.

P.     ***Civil Authority Declaratory Relief Washington Subclass:*** All persons and entities in the State of Washington issued one of Defendants' policies with Civil Authority Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or proclamations or orders issued by Governor Inslee, and/or other civil authorities.

93.     Excluded from the Class are Defendants' officers, directors, agents, and employees; the judicial officers and associated court staff assigned to this case; and the immediate family members of such officers and staff. Plaintiffs reserve the right to amend the Class definition, including based on information obtained in discovery.

94.     This action may properly be maintained on behalf of each proposed Class under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT- 19
(2:20-cv-00597-BJR)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

95.     **Numerosity**: The members of the Class are so numerous that joinder of all members would be impractical. Plaintiffs are informed and believe that each proposed Class and Subclass contains thousands of members. The precise number of Class Members can be ascertained through discovery, which will include Defendants' records of policyholders.

96.     **Commonality and Predominance**: Common questions of law and fact predominate over any questions affecting only individual members of the Class. Common questions include, but are not limited to, the following:

A.     Whether the class and subclass members suffered cognizable losses under the Defendants' policies;

B.     Whether Defendants acted in a manner common to the Class and Subclass in denying claims for coverage relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

C.     Whether Business Income Coverage in Defendants' policies of insurance applies to a suspension of business relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

D.     Whether Extra Expense Coverage in Defendants' polices of insurance applies to efforts to minimize a loss relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

E.     Whether Extended Business Income Coverage in Defendants' policies of insurance applies to a suspension of business relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or civil authorities;

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

F.      Whether Civil Authority Coverage in Defendants' policies of insurance applies to a suspension of business relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or civil authorities; and

G.      Whether Defendants carried out a blanket denial of all claims based on business interruption, income loss or closures related to COVID-19 and/or orders issued by Governor Inslee, over Governors, and/or other civil authorities.

H.      Whether Defendants have breached its contracts of insurance through a blanket denial of all claims based on business interruption, income loss or closures related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities; and

I.      Whether, because of Defendants' conduct, Plaintiffs and the Class Members are entitled to equitable and declaratory relief, and if so, the nature of such relief.

97.     **Typicality**: Plaintiffs' claims are typical of the claims of the members of the classes. Plaintiffs and all the members of the classes have been injured by the same wrongful practices of Defendants. Plaintiffs' claims arise from the same practices and course of conduct that give rise to the claims of the members of the Class, are based on the same or materially similar policy forms, and are based on the same legal theories.

98.     **Adequacy**: Plaintiffs will fully and adequately assert and protect the interests of the classes and have retained class counsel who are experienced and qualified in prosecuting class actions. Neither Plaintiffs nor their attorneys have any interests contrary to or in conflict with the Class.

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT- 21
(2:20-cv-00597-BJR)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

99.    **Federal Rule of Civil Procedure 23(b)(1), the Risk of Inconsistent or Varying Adjudications and Impairment to Other Class Members' Interests**: Plaintiffs seeks adjudication as to the interpretation, and resultant scope, of Defendants' policies, which are common to all members of the class. The prosecution of separate actions by individual members of the classes would risk inconsistent or varying interpretations of those policy terms and create inconsistent standards of conduct for Defendants. The policy interpretations sought by Plaintiffs could also impair the ability of absent class members to protect their interests.

100.    **Federal Rule of Civil Procedure 23(b)(2), Declaratory and Injunctive Relief**: Defendants acted or refused to act on grounds generally applicable to Plaintiffs and other members of the proposed classes making injunctive relief and declaratory relief appropriate on a class-wide basis.

101.    **Federal Rule of Civil Procedure 23(b)(3), Superiority**: A class action is superior to all other available methods of the fair and efficient adjudication of this lawsuit. While the aggregate damages sustained by the classes are likely to be in the millions of dollars, the individual damages incurred by each class member may be too small to warrant the expense of individual suits. Individual litigation creates a risk of inconsistent and/or contradictory decisions and the court system would be unduly burdened by individual litigation of such cases. A class action would result in a unified adjudication, with the benefits of economies of scale and supervision by a single court.

## VI.    CAUSES OF ACTION

### Count One—Declaratory Judgment

***(Brought on behalf of the Business Income Coverage Declaratory Relief Class, Business Income Coverage Declaratory Relief Washington Subclass, Extra Expense Declaratory Relief Class, Extra Expense Declaratory Relief Washington Subclass, Extended Business Income Declaratory Relief Class, Extended Business Income Declaratory Relief***

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT- 22
(2:20-cv-00597-BJR)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

*Washington Subclass, Civil Authority Relief Class, and Civil Authority Relief Washington Subclass)*

102.    Previous paragraphs alleged are incorporated herein.

103.    This is a cause of action for declaratory judgment pursuant to the Declaratory Judgment Act, codified at 28 U.S.C. § 2201.

104.    Plaintiffs bring this cause of action on behalf of the Business Income Coverage Declaratory Relief Class, Business Income Declaratory Washington Subclass, Extra Expense Declaratory Relief Class, Extra Expense Declaratory Relief Washington Subclass Extended Business Income Declaratory Relief Class, Extended Business Income Declaratory Relief Washington Subclass, Civil Authority Declaratory Relief Class, and Civil Authority Declaratory Relief Washington Subclass.

105.    Plaintiffs seek a declaratory judgment declaring that Plaintiffs' and Class Members' losses and expenses resulting from the interruption of their business are covered by the Defendants' policies.

106.    Plaintiffs seeks a declaratory judgment declaring that Defendants are responsible for timely and fully paying all such claims.

### Count Two—Breach of Contract

*(Brought on behalf of the Business Income Coverage Breach of Contract Class, Business Income Coverage Breach of Contract Washington Subclass, Extra Expense Breach of Contract Class, Extra Expense Breach of Contract Washington Subclass, Extended Business Income Breach of Contract Class, Extended Business Income Breach of Contract Washington Subclasses, Civil Authority Breach of Contract Class, and Civil Authority Breach of Contract Washington Subclass)*

107.    Previous paragraphs alleged are incorporated herein.

108.    Plaintiffs bring this cause of action on behalf of the Business Income Coverage Breach of Contract Class, Business Income Breach of Contract Washington Subclass, Extra

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT- 23
(2:20-cv-00597-BJR)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Expense Breach of Contract Class, Extra Expense Breach of Contract Washington Subclass, Extended Business Income Breach of Contract Class, Extended Business Income Breach of Contract Washington Subclass, Civil Authority Breach of Contract Class, and Civil Authority Breach of Contract Washington Subclass.

109.     The policies are contracts under which Plaintiffs and the class paid premiums to Defendants in exchange for Defendants' promise to pay Plaintiffs and the class for all claims covered by the policy.

110.     Plaintiffs have paid their insurance premiums.

111.     Plaintiffs have been denied coverage for his losses covered by the Defendants policies.

112.     Upon information and belief, Defendants have denied, and will continue to deny coverage for Plaintiffs and other similarly situated policyholders.

113.     Denying coverage for the claims is a breach of the insurance contract.

114.     Plaintiffs are harmed by the breach of the insurance contract by Defendants.

## VII.     PRAYER FOR RELIEF

1.     Class Action status under Fed. R. Civ. P. 23.

2.     A declaratory judgment that the policy or policies cover the Plaintiffs' losses and expenses resulting from the interruption of the Plaintiffs' business by COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other authorities.

3.     A declaratory judgment that the defendants are responsible for timely and fully paying all such losses.

4.     Damages.

5.     Pre-judgment interest at the highest allowable rate.

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT- 24
(2:20-cv-00597-BJR)

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

6.      Reasonable attorney fees and costs.

7.      Such further and other relief as the Court shall deem appropriate.

## VIII.   JURY DEMAND

Plaintiffs demand a jury trial on all claims so triable.

DATED this 16th day of October, 2020.

KELLER ROHRBACK L.L.P.

By: *s/ Amy Williams-Derry*
By: *s/ Lynn L. Sarko*
By: *s/ Ian S. Birk*
By: *s/ Gretchen Freeman Cappio*
By: *s/ Irene M. Hecht*
By: *s/ Karin B. Swope*
By: *s/ Maureen Falecki*
By: *s/ Nathan L. Nanfelt*
    Amy Williams-Derry, WSBA #28711
    Lynn L. Sarko, WSBA #16569
    Ian S. Birk, WSBA #31431
    Gretchen Freeman Cappio, WSBA #29576
    Irene M. Hecht, WSBA #11063
    Karin B. Swope, WSBA #24015
    Maureen Falecki, WSBA #18569
    Nathan Nanfelt, WSBA #45273
    1201 Third Avenue, Suite 3200
    Seattle, WA 98101
    Telephone: (206) 623-1900
    Fax: (206) 623-3384
    Email: awilliams-derry@kellerrohrback.com
    Email: lsarko@kellerrohrback.com
    Email: ibirk@kellerrohrback.com
    Email: gcappio@kellerrohrback.com
    Email: ihecht@kellerrohrback.com
    Email: kswope@kellerrohrback.com
    Email: mfalecki@kellerrohrback.com
    Email: nnanfelt@kellerrohrback.com

By: *s/ Alison Chase*
    Alison Chase, *pro hac vice forthcoming*
    801 Garden Street, Suite 301
    Santa Barbara, CA 93101
    Telephone: (805) 456-1496

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT- 25
(2:20-cv-00597-BJR)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Fax: (805) 456-1497
Email: achase@kellerrohrback.com

***Attorneys for Plaintiff and the Proposed
Class***

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384