# EXHIBIT I



JAY INSLEE
Governor

STATE OF WASHINGTON
OFFICE OF THE GOVERNOR
P.O. Box 40002 • Olympia, Washington 98504-0002 • (360) 902-4111 • www.governor.wa.gov

| | |
|---|---|
| **TO:** | Interested Stakeholders |
| **FROM:** | Governor Jay Inslee |
| **DATE:** | April 29, 2020 |
| **SUBJECT:** | Interpretive Statement Related to Proclamation by the Governor 20-24, Restrictions on Non-Urgent Medical Procedures |

**Background.** On March 19, 2020 Governor Inslee issued Proclamation 20-24 with the goal of ensuring hospitals and the health system would have enough surge capacity and personal protective equipment to manage an influx of patients with COVID-19. The Proclamation applies to services delivered in hospitals, ambulatory surgical facilities, dental, orthodontic, and endodontic offices in Washington State. The Proclamation will remain in effect through May 18, 2020.

As providers across the state have significantly adjusted operations in response to the Proclamation, the need for additional guidance has been identified. The purpose of this statement is to provide that guidance.

It is the position of the State that the Proclamation allows performance of all services considered to be "emergent" or "urgent" for which delay would result in worsening a life-threatening or debilitating prognosis. Clinicians should use clinical judgment to determine performance of procedures considered to be non-urgent or "elective."

In addition, given the evolving and fluid nature of pandemics in general, and COVID-19 in particular, clinical judgments regarding non-urgent or "elective" procedures need to be viewed through the lens of relative harm to patients of treatment versus deferment, in terms of potential patient and provider contraction of COVID-19.

**The remainder of this document pertains to health care services, procedures, and surgeries falling into the non-urgent or "elective" category.**

**Considerations in determining "harm" to the patient.** The Proclamation limits, "healthcare services, procedures, and surgeries that, if delayed, are not anticipated to cause harm to the patient within the next three months…" The Proclamation goes on to provide examples of procedures to delay, which include, "most joint replacements, most cataract and lens surgeries, non-urgent cardiac procedures, cosmetic procedures, some endoscopy and some interventional radiology services."

The Proclamation does not provide a definition of "harm." To clarify, the Governor leaves assessment of harm up to the individual clinician. In order to assess harm, clinicians should consider if a patient's illness or injury is: causing significant pain, significant dysfunction in their daily life or work, or is either progressing, or at risk to progress. Additionally, clinicians should assess the risk of harm that could be experienced by a patient as a result of undertaking the surgery or procedure during the COVID-19 pandemic.

The decision to perform any surgery or procedure in hospitals, ambulatory surgical facilities, dental, orthodontic, and endodontic offices, including examples of those that could be delayed in the Proclamation, should be weighed against the following criteria when considering potential harm to a patient's health and well-being as described above:

- Expected advancement of disease process
- Possibility that delay results in more complex future surgery or treatment
- Increased loss of function
- Continuing or worsening of significant or severe pain
- Deterioration of the patient's condition or overall health
- Delay would be expected to result in a less-positive ultimate medical or surgical outcome
- Leaving a condition untreated could render the patient more vulnerable to COVID-19 contraction, or resultant disease morbidity and/or mortality
- Non-surgical alternatives are not available or appropriate per current standards of care
- Patient's co-morbidities or risk factors for morbidity or mortality, if inflicted with COVID-19 after procedure is performed

Furthermore, diagnostic imaging, diagnostic procedures or testing should continue in all settings if disease is suspected, based on clinical judgement that uses the same definition of harm and criteria as listed above.

**Prerequisites to performance of healthcare services, procedures and surgeries.** Foundational to the performance of any healthcare service, procedure, or surgery permitted under Emergency Proclamation 20-24 is the ability to meet infection prevention and control standards, maintain appropriate personal protective equipment supplies, as well as following Department of Health (DOH)-issued guidance on use of personal protective equipment (PPE). For permitted procedures requiring an overnight stay, hospitals will not exceed 80% of available bed (licensed and staffed beds) capacity.

Specifically, the following PPE prerequisites are required before facilities can perform procedures, surgeries, or services permitted under Emergency Proclamation 20-24:

- Facilities must provide health care workers (direct patient care and affected ancillary staff) with appropriately sized and sufficient quantities of PPE to perform essential job functions.

- Facilities must be aligned with Washington State Department of Health's PPE Usage Guidelines - PPE Conservation Strategies (Yellow), which says personal protective equipment is discarded and replaced when it is soiled, damaged, or hard to breathe through.
- Facilities must follow the Washington State Department of Health's Guidance on Extended and Re-use of PPE by Healthcare Personnel (HCP).
- Facilities must have on-hand and in the facility 7 days of appropriate PPE.
- Facilities must report accurate counts of PPE available and in the facility daily, as well as PPE on order, to the WA Health system.
- Facilities must report following required DOH guidelines for PPE use and conversation to the WA Health system.
- Health care workers have access to COVID-19 testing and to timely notification (within eight (8) hours of awareness) of exposure to COVID-19.
- Facilities must report on COVID-19 positive health care workers by facility and profession/position to the WA Health system.

**Outpatient clinic visits.** The Proclamation permits outpatient clinic visits, both in hospital-based clinics and other outpatient clinic settings. While not addressed in the Proclamation, the Governor encourages clinicians to weigh the benefits and risks of such visits to patients given the active presence of COVID-19 in our communities. He also encourages clinicians to use telehealth visits where possible. If a clinician determines an outpatient clinic visit is necessary, all steps possible should be taken to promote social distancing measures and reduction of infection risk by appropriate use of hand hygiene and PPE-use protocols.

**Penalties and enforcement.** The Proclamation states, "Violators of this order may be subject to criminal penalties pursuant to RCW 43.06.220(5)," making anyone found to be in willful violation of the order guilty of a gross misdemeanor. The department finds that documented clinical decision-making reflecting application of the Proclamation and this statement to the clinical matter(s) or case(s) under consideration will serve as evidence that performance of the health care services, procedures or surgeries was not a willful violation of the Proclamation.